## O'BRIEN v. Doe ex dem. HENRY.

1. An entry to re-vest an estate for a breach of a condition subsequent, must be such a notorious and unequivocal act as demonstrates the intention of the grantor to terminate the previous estate.

2. Where fourteen lots of land in Mobile, situate on opposite sides of a street, were conveyed by one deed, with a clause of forfeiture—*Held*, that an entry upon the lots on one side of the street, for a breach of the condition, was not of itself an entry upon the lots upon the other side of the street.

3. A long possession by the grantor, acquiesced in by the grantee, might be sufficient to raise the presumption that the original entry was for a breach of the condition, but no such presumption can be made when the possession is recent, and especially where it is forcibly taken.

4. When the grantor seeks to establish his right to enter for a breach of the condition subsequent, he assumes the burthen of proving it, though it consists of a negative; but in such a case slight proof would be sufficient, *prima facie*.

Error to the Circuit Court of Mobile.

Ejectment by the defendant against the plaintiff in error for a lot in Mobile, and judgment that he recover the possession.

On the trial, as appears from a bill of exceptions, it appears that the plaintiff offered in evidence a certified copy of a registered deed, purporting to be made by Joshua Kennedy, the landlord of the tenant in possession, to Bodo Adams. To account for the absence of the original, the plaintiff made oath that he never had said deed. That Bodo Adams had removed to Mississippi where he now resides; that on application to Adams, he

replied, that he had handed all the papers concerning the transaction to Thomas Reid, his agent in Mobile; that on application to Reid, he denied having it, and stated that he had handed all the papers to one John H. Jones, Esq., as attorney at law, for the purpose of commencing suit; that he applied to Jones, who promised to look for it, but did not furnish it—that Jones had quit practicing law in Mobile, and now resides in the country; that one John Hall claimed to have the papers of Jones in his custody, and that Hall, on application after search made, could not find the original deed, but did find the copy now offered in evidence. The court admitted the copy in evidence, to which the defendant excepted.

The plaintiff also offered in evidence, conveyances by deed for the premises sued for from Bodo Adams to A. Fouche—from him to J. Antunez—and from him to the plaintiff.

It appeared in evidence, that immediately after the making of the deed to Bodo Adams, he entered into possession of the lot on the south side of Government street, fenced it and built a small house on it, and continued in the occupancy for two or three years, when he abandoned it, and moved to Mississippi; and that on his removal, Kennedy entered into possession of it. That the lot sued for was not occupied by Adams, but remained vacant and unoccupied until after it was purchased by Henry. That in 1835 or '6, Henry put a fence round it, and immediately Kennedy tore it down and took the possession. That the defendant O'Brien had occupied the adjoining lot west of it for ten or fifteen years; and that three or four years ago, he was by Kennedy put in possession of the lot sued for, and had ever since continued in possession as the tenant of Kennedy.

The lot sued for was vacant until Henry attempted to take possession; that it was claimed by Kennedy, and also by Fouche and his assigns; that Fouche, by his agent, paid taxes on it while he claimed it. That Kennedy was in possession of the Price tract, of which this was a part. There was no proof that Kennedy's title to the Price tract had ever been confirmed by the government, and no proof of the payment by Adams, or any other person, of the purchase money, or the interest mentioned in the deed from Kennedy to Adams.

The court charged the jury, that the deed to Adams vested the right of possession in him, subject to be divested by failure of

payment; but that proof of non-payment of the interest must be made by Kennedy to sustain his right to enter upon the land. That if Kennedy entered peaceably and without objection from Adams, and without controversy, the law would presume he entered for breach of the condition. But if Henry, and those under whom he claimed, had possession of this particular lot ever since the deed to Adams until Kennedy took possession by force, the presumption did not arise, and that Henry could recover without proof of payment of principal or interest. To all which the defendant excepted; and which he now assigns as error.

The deed from Kennedy to Adams bears date the 12th January, 1822, and for the consideration of one thousand dollars payable three years after date, and secured by note, with legal interest, to be paid annually, conveys to Adams, with warranty in fee simple, "a square in the town of Mobile, bounded on the ——— by Government street; on the east by Claiborne street; on the west by Franklin street, containing eight lots. And, also, the south half of that square, bounded on the east by Hamilton street; on the south by Lawrence street; on the north by the north half of said square; containing six lots, as will more fully appear by reference to the plan of the city, it being a part of a tract of land granted by the Spanish government to Thomas Price, by him conveyed to William E. Kennedy, and by him to myself; and I do hereby covenant, &c. Provided, nevertheless, if the said legal interest on the said note is not fully and entirely paid within thirty days after the annual time of payment; and provided, also, if the said sum of one thousand dollars, expressed in the said note, is not fully and entirely paid in three months after the time of payment, this deed to be void and of no effect in law or equity; and the said Kennedy, his heirs, &c., shall and may re-enter and re-possess the aforesaid premises, with all the improvements which may be made thereon, as in his former estate previous to the execution of this instrument, And it is further covenanted and agreed by and between the aforesaid parties, that the said consideration of one thousand dollars, in case the titles to the said lots is not confirmed by the government of the United States after the expiration of three years from this date, is not to be paid until the same is so confirmed; and in case the title to the same should not be confirmed, but be made void by the government of the United States, after the expiration of the said term of three

years, then, and in that case, the said Kennedy binds himself and his heirs to return the annual interest that may have been paid by the said Bodo Adams. In testimony whereof," &c.

STEWART, for the plaintiff in error, contended that the preliminary proof was not sufficient to authorize the introduction of secondary evidence of the contents of the deed; that it was not shown that the original was lost or mislaid; that a demise being laid from Adams, he was a plaintiff on the record, and his declaration, not under oath, was not evidence.

That the effect of Kennedy's deed was, that the interest was to be paid annually until the government declared the grant of the Price tract void; and that after the expiration of three years, he must pay the annual interest, or return the possession to Kennedy.

That the abandonment by Adams, and entry by Kennedy, reinvested him with the title; and that after such a lapse of time, it must be presumed that the entry was regular and for a breach of the condition. [2 Cain's Rep. 382; 6 Johns. 34.] That the present was not like the case where the lessor was endeavoring to establish a right to *re-enter;* that being in possession, the presumption arose, after such a lapse of time, that his entry was regular and justifiable, until the contrary was shown.

The court misled the jury by instructing it that Kennedy must prove that the interest was not paid to establish his right to enter; and in the instruction, that the presumption of a right to enter for a breach of the condition, did not arise, unless his entry was peaceable. As to misleading a jury by charging on matter not material, see 2 Ala. 359.

CAMPBELL, *contra.* To show that the preliminary proof was sufficient to authorize the secondary evidence, he cited 8 Porter, 536; 9 id. 39; 2 Ala. 58; 3 id. 452; 4 id. 158; 7 Pick. 12; 8 id. 390; 9 id. 23.

The deed from Kennedy to Adams conveyed an estate upon condition subsequent. Such conditions are not favored in law, and the estate is not divested without a breach of the condition, and an entry by the grantor; and the grantor who asserts the forfeiture, must prove the fact on which it depends, no matter how difficult it may be. [4 Kent's Com. 124; 2 Poth. on Ob. 126; 35

Eng. C. L. 458.] But in this case, the proof was easy, as the payment of the money was evidenced by a note, and its absence raises the presumption that the note was paid. [1 Ala. 736.]

As to the supposed acquiescence by Adams in the entry by Kennedy, no such presumption can be drawn; because it is in proof that he sold the lot in dispute, and could not, therefore, abandon his title to Kennedy.

ONMOND, J.—The preliminary proof was sufficient to authorize the introduction of the secondary evidence of the contents of the deed from Kennedy to Adams, as is fully shown by the cases heretofore decided by this court, and cited by the defendant's counsel. In addition, it is to be observed, that the deed is not exclusively a muniment of the title of Henry, as it covers fourteen lots of which he claims but one. It is, however, urged, that as a demise is laid from Adams, he is a plaintiff in the suit; and, therefore, his oath was necessary to prove the loss of the original. The practice of laying several demises is usually resorted to where there is a doubt under which the plaintiff may be able to prove title in the premises; but no doubt can ever exist as to who is the real plaintiff on the record. The demise itself being a fiction, and the one laid from Adams wholly unnecessary, as the title had long since passed from him, will not be permitted to interpose any difficulty. Henry is obviously the only real plaintiff on the record, although several demises from others were unnecessarily laid.

The true construction of the deed from Kennedy to Adams, is, that interest, as rent, was to be paid on the purchase money annually, as well after as before the expiration of the term of three years, within which time, it appears, the parties supposed the title would be either confirmed or made void by the government, unless before that time the title had been confirmed, in which event the interest would not be payable as rent after the expiration of the three years, the thousand dollars agreed to be given as the purchase money being then due.

This, then, was an estate in fee simple, which was to terminate upon the happening of a condition subsequent; but notwithstanding the condition was broken, the estate of the grantee was not divested until the grantor entered and defeated the estate. The counsel for the plaintiff in error contends, that such entry was

made in this case for a breach of the condition; and that the estate, previously granted, was thus re-vested in the grantor. To establish this breach of the condition and re-entry by the grantor, he relies on the statement of the evidence in the bill of exceptions: "That Adams went into possession of the lot on the south side of Government street, fenced it, and built a small house on it, and continued in the occupancy for two or three years, when he *abandoned* it, and went to Mississippi, where he still resides. That upon his removal from it, Kennedy entered into possession of it."

It has been already stated, that although the condition may have happened upon which the estate was to be forfeited, no forfeiture accrued until the grantor manifested his intention to claim the benefit of it by entering upon the land with the design of terminating the previous estate. An entry, therefore, for that purpose, must be such a notorious, unequivocal act as will demonstrate that intention. That such must be the character of an entry, is the express language of Blackstone is his 3d vol. 175: "The party entitled may make a formal, but peaceable entry thereon, *declaring* that thereby he takes possession; which notorious act of ownership is equivalent to a feodal investiture by the lord."

The tract conveyed by Kennedy to Adams, consited of fourteen lots of ground, eight of which lay on one side of Government street, and six on the other; the lots on the south being in his actual occupancy, and those on the other side of the street, where the *locus in quo* is situated, being then and for many years after, vacant.

What is meant by the expression in the bill of exceptions, that he *abandoned* his possession to it? The counsel for the plaintiff in error, contends, that it means that he gave up or yielded the title to all the lots. In our opinion, its fair interpretation is merely, that he left it, as we find in the next sentence, that the term "removed," is used as equivalent to the term abandoned, previously employed. The lots were separate and distinct from each other, and so considered by the grantor, as he refers to the plan of the city of Mobile for their boundaries; we cannot, therefore, understand the expression in the bill of exceptions, ʻthat he abandoned it," (the house he had built and occupied) to mean that he relinquished or yielded up his right and title to all the lots.

His conduct at or about the time, contradicts such a supposition.

He went into possession in April, 1818, and as stated in the bill of exceptions, remained in possession, "two or three years;" yet we find, that on the 12th January, 1822, he conveyed the lot in dispute to Antoine Fouche. which demonstrates that he did not consider that he had abandoned his title to that lot. But if this difficulty were surmounted, the fact that Kennedy went into possession of the house and lot when left or abandoned by Adams, is not an entry upon the other distinct and separate lots, which were then vacant, and had never been actually occupied by Adams.— The fee which was vested in Adams by the deed, could not be divested by such an equivocal act. To produce that result, there must have been such an assertion of title by Kennedy, as to place it beyond controversy, that he entered upon the lot as his own, for a breach of the condition. Whether his entry upon the lots on the south side of Government st., was sufficient to divest the title to those lots, is not a question now before us.

The cases of Jackson v. Stewart, [6 Johns 34,] and of Jackson v. Demarest, [2 Caines, 381.] relied on by the counsel for the plaintiff in error, do not establish the proposition for which he cites them. They merely show, that where there is an abandonment of the possession by the lessee, and an entry and continued possession afterwards by the lessor, that after a great lapse of time, it will be presumed the lessor entered for non-payment of rent.— In Jackson v. Walsh, [6 Johnson, 226,] it was held that the lapse of nine years did not raise the presumption of a re-entry for the non-payment of rent. In this case. there is not only no proof of an entry on this lot, but the fact is shown to be, that Fouche, the purchaser from Adams, asserted title to it, and paid the taxes upon it.

The alleged entry of Kennedy be ng for a breach of the condition, it was necessary for him t est bes'. 'is r ght to re-enter, by proving the non-paym nt of the r at Th g n ral rule certainly is, that a party av rr n g h r t v s n t bound to prove it, but the proof must come from him who asserts the affirmative, and within whose knowledge .t p culiarly l es. But the rule does not apply to such cases as the present, because the estate is vested by the deed, and he who asserts that it is forfeited, must prove it. In Doe v. Whitehead, [8 Adol. & E. 571,] which was ejectment for an alleged forfeiture of a lease, for omitting to insure which, by the terms of the lease, was to be a forfeiture, the

court held that the landlord must prove that insurance had not been made. That the estate was vested in the lessee, and could only be got rid of by proving a forfeiture—that the difficulty of the proof did not vary the rule of law.

Doubtless, in such cases, slight proof would be sufficient *prima facie*, and in this case, would not have been difficult, as the production of the note, which it appears from the deed was executed co-temporaneously with it, would have been sufficient to raise the presumption of a breach of the condition.

It was, however, urged, that although the law might be so when the grantor was suing to obtain the possession, that the rule did not obtain when he was in possession, and suit brought against him. Doubtless, a long possession by the grantor, acquiesced in by the grantee, might be sufficient to raise the presumption, that the original entry was for a breach of the condition, but in this case, the only entry of Kennedy proved, upon this lot, is a forcible possession taken of it from the plaintiff in 1835 or 1836, and there can be no difference in the rule of law, between his defending himself against such a forcible taking, or suing to obtain the possession. A man cannot by his own wrongful act, charge the rules of law, and diminish quantity or change the quality of the evidence necessary to sustain his claim.

From the view which we have taken of the case, it results, that the charge of the court was substantially correct, and its judgment is therefore affirmed.